IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 AUG 31 PM 3: 57

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| VIKKI L. FRITTS SPELLMAN, | X X X | |
| Petitioner, | X X | |
| v. | X X | No. 04-2289-Ma/An |
| CHERRY LINDAMOOD, WARDEN, | X X | |
| Respondent. | X X X | |

ORDER OF DISMISSAL
ORDER DENYING CERTIFICATE OF APPEALABILITY
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

On March 26, 2004, Petitioner Vikki L. Fritts Spellman, Tennessee Department of Corrections prisoner number 81976, an inmate at the Tennessee Prison for Women ("TPW") in Nashville, Tennessee, filed this petition pursuant to 28 U.S.C. § 2254.

In April of 1988, the petitioner pled guilty to first-degree murder in Tipton County Circuit Court. She was sentenced to life imprisonment. In June of 1989, petitioner filed her first petition for post-conviction relief, alleging ineffective assistance of counsel. Her petition was dismissed after the appointment of counsel, but before an evidentiary hearing.

In December of 1997, the petitioner filed a second petition for post-conviction relief, in which she alleged that she had

received ineffective assistance of counsel when she pled guilty and that the post-conviction statute of limitations should be tolled because she had withdrawn her first petition due to her mental incompetence.   The trial court dismissed her petition as time-barred.

Petitioner appealed and the Court of Criminal Appeals determined that she had satisfied the threshold burden of raising mental incompetence and remanded the petition for a hearing.   The State appealed and the Tennessee Supreme Court determined that due process requires tolling of the one-year statute of limitations where a petitioner is denied the reasonable opportunity to assert a claim in a meaningful time and manner because of her mental incompetence.   The Court remanded the case for further proceedings. Spellman v. State, 23 S.W.3d 272, 279 (Tenn. June 20, 2000).

Petitioner alleges that, on an unspecified date in the year 2000, she received an evidentiary hearing in the Tipton County Circuit Court upon remand.   She fails to allege the issues raised or the result of that hearing.   She does not allege whether the trial court's ruling was appealed to the Tennessee Court of Criminal Appeals.   No reported cases exist after the Supreme Court opinion remanding the petition.

A habeas petitioner must first exhaust available state remedies before requesting relief under 28 U.S.C. § 2254(b). Twenty-eight U.S.C. § 2254(b) states, in pertinent part:

2

      (b)   (1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

            (A)   the applicant has exhausted the remedies available in the courts of the State; or

            (B)   (i)   there is an absence of available State corrective process; or

                    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

      (2)   An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

Thus, a habeas petitioner must first exhaust available state remedies before requesting relief under § 2254. See, e.g., Granberry v. Greer, 481 U.S. 129, 133-34 (1987); Rose v. Lundy, 455 U.S. 509, 519 (1982). See also Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. A petitioner has failed to exhaust her available state remedies if she has the opportunity to raise her claim by any available state procedure. Preiser v. Rodriquez, 411 U.S. 475, 477, 489-90 (1973).

To exhaust state remedies, the applicant must have presented the very issue on which she seeks relief from the federal courts to the courts of the state that she claims are wrongfully confining her. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994). "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional

guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996)(citing Picard, 404 U.S. at 271). "'[T]he substance of a federal habeas corpus claim must first be presented to the state courts.'" Gray, 518 U.S. at 163 (quoting Picard, 404 U.S. at 278). A habeas petitioner does not satisfy the exhaustion requirement of 28 U.S.C. § 2254(b) "by presenting the state courts only with the facts necessary to state a claim for relief." Gray, 518 U.S. at 163.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996) (codified, inter alia, at 28 U.S.C. § 2244 et seq.) (AEDPA), created a one-year statute of limitations for filing habeas petitions under § 2254. See 28 U.S.C. 2244(d). "[F]or purposes of collateral attack, a conviction becomes final at the conclusion of direct review." Johnson v. United States, 246 F.3d 655, 657 (6th Cir. 2001).

Because the petition as originally filed did not contain sufficient allegations for the Court to determine whether petitioner has exhausted the claims raised or whether the petition was timely filed, the Court ordered Spellman to amend her petition. Spellman was directed to allege the issues raised and addressed by the trial court upon the remand of her case, the date of the trial court's ruling upon her post-conviction petition, and the dates of

rulings in any further proceedings.[1]  The Court directed Spellman
to file the amended petition within thirty days of the entry of its
order on May 19, 2004.  The order also stated:

> Failure to comply with this order will result in the
> dismissal of this petition.

On June 4, 2004, and July 13, 2004, Spellman sought extensions
of time to file the amended petition.  The Court granted petitioner
until October 13, 2004, to file the amended petition.  Petitioner
was again advised that:

> Failure to comply with this order will result in the
> dismissal of this petition.

On September 24, 2004, Spellman filed copies of a motion filed
with Tipton County Circuit Court and advised she had been
unsuccessful in obtaining any state court records.  On December 22,
2004, Spellman again advised the Court that she had not obtained
any records from Tipton County Circuit Court.  Spellman did not
seek an extension of time to file the amended petition in either
of her last two filings.

A pro se plaintiff's complaint may be dismissed when the
plaintiff has been directed to comply with a court order and has
been given notice that dismissal will be the penalty for failure
to comply.  Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991)

---

[1]    The failure to include the dates of the state court decisions,
including any appeal, after the remand of petitioner's case prevents the Court
from determining whether petitioner was required to seek leave to appeal the
decisions to the Tennessee Supreme Court to exhaust her state remedies.
Effective June 28, 2001, petitioners were not required to seek leave to appeal
to the Tennessee Supreme Court to exhaust their claims under Tennessee Supreme
Court Rule 39.

(holding that dismissal is appropriate when a party fails to comply with readily comprehensible instructions in court order); <u>Harris v. Callwood</u>, 844 F.2d 1254, 1256 (6th Cir. 1988).

Spellman has failed to demonstrate that she has exhausted her state remedies on any claim presented in this petition or that pursuit of available state remedies would be fruitless because "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(ii). District courts that dismiss claims pending exhaustion should dismiss only the unexhausted claims and should retain jurisdiction over any exhausted claims. <u>See Hill v. Anderson</u>, 300 F.3d 679, 683 (6th Cir. 2002).

Petitioner has failed to comply with the Court's order to amend her petitioner, and thus, failed to demonstrate that any claims included in this petition are exhausted. Accordingly, pursuant to Rule 41(b) and 28 U.S.C. § 2254(b), the Court DISMISSES without prejudice Petitioner's habeas petition.

The Court must determine whether to issue a certificate of appealability ("COA"). Under 28 U.S.C. § 2253(a), the district court considers whether to issue a certificate of appealability whenever it dismisses a § 2254 petition. The statute provides:

    (1)   Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

        (A)  the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B)   the final order in a proceeding under section 2255.

(2)   A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3)   The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c); see also Fed. R. App. P. 22(b); Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1073 (6th Cir. 1997) (district judges may issue certificates of appealability under the AEDPA). No § 2255 movant may appeal without this certificate.

In Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), the Supreme Court stated that § 2253 is a codification of the standard announced in Barefoot v. Estelle, 463 U.S. 880, 893 (1983), which requires a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'"  Slack, 529 U.S. at 484 (quoting Barefoot, 463 U.S. at 893 & n.4).

The Supreme Court recently cautioned against undue limitations on the issuance of certificates of appealability:

[O]ur opinion in Slack held that a COA does not require a showing that the appeal will succeed.  Accordingly, a court of appeals should not decline the application of a COA merely because it believes the applicant will not demonstrate an entitlement to relief.  The holding in Slack would mean very little if appellate review were denied because the prisoner did not convince a judge, or,

7

> for that matter, three judges, that he or she would
> prevail.  It is consistent with § 2253 that a COA will
> issue in some instances where there is no certainty of
> ultimate relief.  After all, when a COA is sought, the
> whole premise is that the prisoner "'has already failed
> in that endeavor.'"

Miller El v. Cockrell, 123 S. Ct. 1029, 1039 (2003) (quoting

Barefoot, 463 U.S. at 893).  Thus,

> A prisoner seeking a COA must prove "'something more than
> the absence of frivolity'" or the existence of mere "good
> faith" on his or her part. . . .  We do not require
> petitioners to prove, before the issuance of a COA, that
> some jurists would grant the petition for habeas corpus.
> Indeed, a claim can be debatable even though every jurist
> of reason might agree, after the COA has been granted and
> the case has received full consideration, that petitioner
> will not prevail.

Id. at 1040 (quoting Barefoot, 463 U.S. at 893); see also id. at

1042 (cautioning courts against conflating their analysis of the

merits with the decision about whether to issue a COA; "The

question is the debatability of the underlying constitutional

claim, not the resolution of that debate.").[2]

In this case, there can be no question that any appeal by this

Petitioner does not deserve attention, because there can be no

question that Petitioner has failed to timely amend her complaint

to demonstrate exhaustion of state remedies on the claims presented

in the instant habeas petition.  The Court therefore DENIES a

certificate of appealability.

---

[2]      By the same token, the Supreme Court also emphasized that "[o]ur
holding should not be misconstrued as directing that a COA always must issue."
Miller El, 123 S. Ct. at 1039.  Instead, the COA requirement implements a system
of "differential treatment of those appeals deserving of attention from those
that plainly do not."  Id. at 1040.

Also as to any appeal, the United States Court of Appeals for the Sixth Circuit has held that the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(b), does not apply to appeals of orders denying § 2254 petitions. <u>Kincade v. Sparkman</u>, 117 F.3d 949, 951 (6th Cir. 1997); <u>cf</u>. <u>McGore v. Wrigglesworth</u>, 114 F.3d 601 (6th Cir. 1997) (instructing courts regarding proper PLRA procedures in prisoner civil-rights cases). Rather, to seek leave to appeal <u>in forma pauperis</u> in a § 2254 case, and thereby avoid the $255 filing fee required by 28 U.S.C. §§ 1913 and 1917,[3] the petitioner must seek permission from the district court under Rule 24(a) of the Federal Rules of Appellate Procedure. <u>Kincade</u>, 117 F.3d at 952. If the motion is denied, the petitioner may renew the motion in the appellate court.

Rule 24(a) of the Federal Rules of Appellate Procedure states, in pertinent part that:

> A party to an action in a district court who desires to proceed on appeal <u>in forma pauperis</u> shall file in the district court a motion for leave to so proceed, together with an affidavit, showing, in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefor, the party's belief that party is entitled to redress, and a statement of the issues which that party intends to present on appeal.

---

[3]     Effective November 1, 2003, the fee for docketing an appeal is $250. <u>See</u> Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

The Rule further requires the district court to certify in writing whether the appeal is taken in good faith.  For the same reasons the Court denies a certificate of appealability, the Court determines that any appeal in this case would not be taken in good faith.  It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by this defendant is not taken in good faith, and she may not proceed on appeal in _forma pauperis_.

IT IS SO ORDERED this __30th__ day of August, 2005.

                                                        
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 9 in
 case 2:04-CV-02289 was distributed by fax, mail, or direct printing on
September 6, 2005 to the parties listed.

---

Amy L. Tarkington
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 20207
Nashville, TN 37202--020

Vikki L. Fritts-Spellman
SPR-TENNESSEE PRISON FOR WOMEN
81976
3881 Stewarts Lane
Nashville, TN 37218--046

Honorable Samuel Mays
US DISTRICT COURT